IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Criminal Action No. 5:17CR28
                                                                  (STAMP)
WILLIAM PARR,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The defendant was named in a four-count indictment in the above-styled criminal action. Count One of the indictment charges the defendant with conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). Counts Two and Three charge the defendant with distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count Four charges the defendant with possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The indictment also contains a forfeiture allegation. Counsel for the defendant filed a motion to suppress statements obtained in violation of the defendant's constitutional rights (ECF No. 26) and a motion to suppress evidence obtained as a result of a traffic stop conducted on the defendant (ECF No. 27).

The motions to suppress arise out of a traffic stop conducted by Lieutenant Shannon Huffman of the Tyler County Sheriff's Department. Prior to the traffic stop, Lieutenant Huffman had investigated the defendant's involvement in the distribution of methamphetamine, obtained a search warrant for the defendant's residence and the RV located on the defendant's property, and been monitoring the defendant's travel via a GPS monitoring device on the defendant's vehicle pursuant to a court order. Lieutenant Huffman's stated reason for the traffic stop was that the defendant was driving with a revoked driver's license. However, Lieutenant Huffman chose the date and time of the traffic stop based on the defendant's unusual travel that day that made Lieutenant Huffman suspicious of drug activity, and for the purpose of ultimately conducting a search of the defendant's residence and RV pursuant to the search warrant. Lieutenant Huffman completed a search of the defendant's vehicle after obtaining written consent from the defendant to conduct the search.

After the search of the vehicle, Lieutenant Huffman informed the defendant of the search warrant for his residence and RV, gave the defendant his Miranda[1] warnings, spoke with the defendant about his drug-related activity, and proceeded to the defendant's residence to execute the search warrant. While executing the search warrant, Lieutenant Huffman found firearms, methamphetamine,

---

[1] Miranda v. Arizona, 384 U.S. 436, 444 (1966).

marijuana, and drug paraphernalia. The defendant then went to the sheriff's office where Lieutenant Huffman reminded him of his Miranda rights and obtained the defendant's written consent to search his phone. The defendant returned to the sheriff's office the next day, at which point Lieutenant Huffman again reminded him of his Miranda rights before taking the defendant's taped statement.

In the motion to suppress statements, the defendant does not deny that he received Miranda warnings, but argues that he was coerced into making statements to police officers without first speaking to an attorney. The defendant contends that the police officers gave him a choice between returning home to care for his elderly parents after making statements without an attorney present, or being taken to jail and not being able to care for his elderly parents if he insisted on calling an attorney. In the motion to suppress evidence, the defendant challenges the validity of the traffic stop and the subsequent search of the defendant's residence and RV.

United States Magistrate Judge James E. Seibert held a hearing on the motions to suppress on December 6, 2017. The magistrate judge then entered a report and recommendation recommending that both of the motions to suppress be denied. ECF No. 36. As to the motion to suppress statements, the magistrate judge did not find either Lieutenant Huffman's testimony or the defendant's testimony

3

to be fully credible. The magistrate judge found that the defendant's contentions, if true, would mean that the police officers were extremely coercive. However, the magistrate judge determined that Lieutenant Huffman's testimony was more credible than the defendant's testimony. As to the motion to suppress evidence, the magistrate judge found that the traffic stop was valid because both the defendant's GPS activity and Lieutenant Huffman's belief that the defendant was driving on a revoked license gave rise to reasonable suspicion that a law was being broken. The magistrate judge further found that the evidence obtained from the search of the residence and RV would be admissible even if the traffic stop was invalid because of the search warrant obtained before the traffic stop. The defendant did not file any objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in <u>United States v. United States Gypsum Co.</u>, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the

4

definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

## III. Discussion

First, this Court reviews the magistrate judge's recommendation as to the motion to suppress statements under the clearly erroneous standard. When a subject is interrogated while in custody, a Miranda warning is required. Miranda v. Arizona, 384 U.S. 436, 444 (1966). A court's "inquiry into whether an individual waived effectuation of the rights conveyed in the Miranda warnings has two distinct dimensions." United States v. Cristobal, 293 F.3d 134, 139 (4th Cir. 2002). Under Cristobal, a waiver of a suspect's Miranda warnings "must have been voluntary in the sense that it was the product of free and deliberate choice rather than intimidation, coercion, or deception." Id. (internal quotation marks omitted). Next, "the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." Id. at 140 (internal quotation marks omitted).

As the magistrate judge notes, the defendant does not deny that he was administered his Miranda warnings on multiple occasions over the relevant time period. Instead, the defendant argues that he was coerced into making statements to the police officers. The magistrate judge's conclusion as to whether the defendant was coerced into making statements without contacting an attorney turn

5

on the magistrate judge's credibility determinations as to the testimonies of the defendant and Lieutenant Huffman. This Court finds no clear error in the magistrate judge's finding that Lieutenant Huffman's testimony was more credible, and, thus, that the defendant was not coerced into making statements.

Next, this Court reviews the magistrate's recommendation as to the motion to suppress evidence under the clearly erroneous standard. The Fourth Amendment's "protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." United States v. Arvizu, 534 U.S. 266, 273 (2002) (citing Terry v. Ohio, 392 U.S. 1, 9 (1968)). In the context of vehicle stops, the "reasonable suspicion" standard applies. See id.; United States v. Digiovanni, 650 F.3d 498, 506 (4th Cir. 2011). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996). "Any ulterior motive a police officer may have for making the traffic stop is irrelevant." Digiovanni, 650 F.3d at 506.

This Court finds no clear error in the magistrate judge's determination that both the defendant's GPS activity and Lieutenant Huffman's belief that the defendant was driving on a revoked license gave rise to reasonable suspicion that a law was being broken. This Court also finds no clear error in the magistrate

judge's finding that the search warrant for the defendant's residence and RV would have been served around the same day and time with or without the traffic stop.

Accordingly, after reviewing the report and recommendation under the clearly erroneous standard of review, this Court is not left with a "definite and firm conviction that a mistake has been committed." United States Gypsum Co., 333 U.S. at 395. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 36) is AFFIRMED AND ADOPTED. Therefore, the defendant's motion to suppress statements (ECF No. 26) and motion to suppress evidence (ECF No. 27) are hereby DENIED. Additionally, because no party filed objections to the report and recommendation, the defendant waived his right to appeal a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this memorandum opinion and order to counsel of record herein, to the defendant, to the United States Probation Office, and to the United States Marshals Service.

DATED:     January 4, 2018

                                           <u>/s/ Frederick P. Stamp, Jr.</u>
                                           FREDERICK P. STAMP, JR.
                                           UNITED STATES DISTRICT JUDGE